ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>LECIA L. SHORTER<br>287 S. ROBERTSON BLVD., NO. 291<br>BEVERLY HILLS, CA  90211<br>(310) 869-5835<br><br>leciashorter@yahoo.com<br><br>[X] Individual appearing without attorney<br>[ ] Attorney for: | FOR COURT USE ONLY<br><br>**FILED**<br>SEP 30 2014<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - \*\*SELECT DIVISION\*\*** ||
| In re:<br><br>LECIA LENETTE SHORTER<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-BK-27647-BB<br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br>(with supporting declarations)<br><br>DATE:<br>TIME:<br>COURTROOM: |

**Movant:** LECIA L. SHORTER

1. NOTICE IS HEREBY GIVEN to INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.
   (Secured Creditor/Lessor),trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location**:

   [X] 255 East Temple Street, Los Angeles, CA 90012         [ ] 411 West Fourth Street, Santa Ana, CA 92701
   [ ] 21041 Burbank Boulevard, Woodland Hills, CA 91367     [ ] 1415 State Street, Santa Barbara, CA 93101
   [ ] 3420 Twelfth Street, Riverside, CA 92501

3. [ ] a. This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                              F 4001-1.IMPOSE.STAY.MOTION

attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

☒ b. This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☐ at least _____ days before the hearing.

   (1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon appropriate creditor(s) and trustee, if any.

   (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 09/30/2014

                                         Lecia L. Shorter
                                         Printed name of law firm (if applicable)

                                         Lecia L. Shorter
                                         Printed name of individual Movant or attorney for Movant

                                         /s/ Lecia Shorter
                                         Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 2                           F 4001-1.IMPOSE.STAY.MOTION

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** LECIA LENETTE SHORTER

1. **The Property or Debt at Issue:**
   a. ☐ Movant moves for an order imposing a stay with respect to the following property (Property):
      ☐ Vehicle (*describe year, manufacturer, type, and model*):
      Vehicle Identification Number:
      Location of vehicle (*if known*):

      ☐ Equipment (*describe manufacturer, type, and characteristics*):
      Serial number(s):

      Location (*if known*):

      ☐ Other Personal Property (*describe type, identifying information, and location*):

      ☐ Real Property
      Street Address:
      Apt./Suite No.:
      City, State, Zip Code:
      Legal description or document recording number (include county of recording):

      ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) _____
   _____
   to secure the sum of approximately $ _____ now owed. (Secured Creditor/Lessor).
   Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the Secured Creditors/Lessors as described in this motion; and/or

   c. ☒ Movant moves for an order **imposing a stay** as to *all creditors*.

   d. ☐ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the Secured Creditor/Lessor; and/or

   e. ☐ Movant moves for an order continuing the **automatic stay** as to *all creditors*.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed concerning the present case on (*specify date*):

   b. ☐ An Order of Conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                         Page 3                                        F 4001-1.IMPOSE.STAY.MOTION

    d. Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

        1. Case name:
           Case number:                                          Chapter:
           Date filed:                                             Date dismissed:
           Relief from stay re this Property          ☐ was     ☐ was not granted
           Reason for dismissal:

        2. Case name:
           Case number:                                          Chapter:
           Date filed:                                             Date dismissed:
           Relief from stay re this Property          ☐ was     ☐ was not granted
           Reason for dismissal:

        ☐ See attached continuation page

    e. ☒ As of the date of this motion the Debtor ☐ has ☒ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. § 521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

    f. ☐ The first date set for the meeting of creditors under 11 U.S.C. § 341(a) is/was 10/28/2014 and the court ☐ has ☒ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C. § 521(a)(2). The extended date (*if applicable*) is _____.

    g. ☐ In a previous case(s), as of the date of dismissal there was:
       ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§ 362(d) still pending or
       ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

    a) 1. Property description/value: _____ $ _____
       2. Creditor/Lien amount: _____ $ _____
       3. Creditor/Lien amount: _____ $ _____
       4. Creditor/Lien amount: _____ $ _____
       5. Creditor/Lien amount: _____ $ _____
       6. Total Liens $ _____
       7. Debtor's Homestead Exemption $ _____
       8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $ _____

    b) 1. Property description/value: _____ $ _____
       2. Creditor/Lien amount: _____ $ _____
       3. Creditor/Lien amount: _____ $ _____
       4. Creditor/Lien amount: _____ $ _____
       5. Creditor/Lien amount: _____ $ _____
       6. Total Liens $ _____
       7. Debtor's Homestead Exemption $ _____
       8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $ _____

       ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                           Page 4                                     **F 4001-1.IMPOSE.STAY.MOTION**

4. **Grounds for Continuing The Stay:**

   a. ☐ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

      1. ☐ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

         A. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);
         B. ☐ Good faith is shown because

         _____
         _____
         _____

         ☐ See attached continuation page

      2. ☐ The Property is of consequential value or benefit to the estate because:

         A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached (*describe separately as to each property*);

         B. ☐ The Property is necessary to a reorganization for the following reasons:

         _____
         _____
         _____

         ☐ See attached continuation page

         C. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):

         _____
         _____
         _____

         ☐ See attached continuation page

      3. ☐ The presumption of a bad faith filing under 11 U.S.C. § 362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

         A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§ 362(i);
         B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
         C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:

         _____
         _____
         _____

         ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____
_____

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons:

_____
_____
_____

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§ 362(c)(3)(C)(ii) is overcome in this case because

_____
_____
_____

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
      1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 6                              F 4001-1.IMPOSE.STAY.MOTION

2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:

_____
_____
_____

☐ See attached continuation page

3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (*describe Movant's proposal for adequate protection*):

_____
_____
_____

☐ See attached continuation page

b. ☒ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

2. ☒ Good faith is shown because:
The majority of Debtor's debts are medically related and were caused by a lack of medical insurance for the past five years.
_____

☐ See attached continuation page

c. ☒ The presumption of a bad faith filing under 11 U.S.C.§ 362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

_____
_____
_____

☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 7    F 4001-1.IMPOSE.STAY.MOTION

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____
_____

(from which the court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☐ For the following additional reasons:

_____
_____
_____
_____
_____

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because

_____
_____
_____

☐ See attached continuation page(s)

6. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
   b. ☒ Other Declaration(s) are also attached in support of this Motion.
   c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____
   d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this court issue an Order Imposing a Stay and granting the following (***specify forms of relief requested***):**

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                               Page 8                              F 4001-1.IMPOSE.STAY.MOTION

2. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☒ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (specify proposed adequate protection)
_____
_____
_____

8. ☒ For other relief requested, see attached continuation page.

Date: 09/30/2014

Respectfully submitted,

LECIA L. SHORTER
Movant name

_____
Firm name of attorney for Movant (if applicable)

*[signature]*
Signature

_____
Printed name of individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, _____, am the _____ of Movant. I have read the foregoing motion consisting of _____ pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed name of declarant | Signature |
|------|--------------------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012     Page 9     F 4001-1.IMPOSE.STAY.MOTION

## DECLARATION OF LECIA LENETTE SHORTER

I, Lecia Lenette Shorter, do hereby declare as follows:

1. I am the Debtor/Petitioner in the above-referenced matter. I have personal knowledge of the matters attested herein and if called as a witness could and would competently testify thereto.

2. On September 16, 2014, I filed a bankruptcy petition seeking debtor relief under Chapter 7 of the United States Bankruptcy Code. The majority of my debts are related to hospitalizations for which I did not have insurance coverage.

3. Intercontinental Hotels Group Resources, Inc. is listed as a creditor in my bankruptcy petition. Intercontinental Hotels Group Resources, Inc. is also a defendant in a civil matter in Department 53 of the Los Angeles Superior Court before Judge Steven J. Kliefield. I am the plaintiff in that action. The case number is BC479009. No trial was held. Intercontinental Hotels Group Resources, Inc. is represented by Paul W. Burke, Esq. of Kaiser, Swindells & Eiler.

4. On September 22, 2014, I filed a dismissal without prejudice of Los Angeles Superior Court Case Number BC479009. The dismissal was entered on September 24, 2014.

5. Four matters were scheduled to be heard on October 2, 2014. My motion for a change of venue due to an inability to have a fair and impartial trial in Los Angeles County; a case management conference; Intercontinental Hotels Group Resources, Inc.'s motions for terminating sanctions and its motion to deem me a vexatious litigant.

6. On September 29, 2014, I received a telephone call from Michael, Judge Kliefield's clerk indicating that a hearing on Intercontinental Hotels Group Resources, Inc.'s motion to

have me deemed a vexatious litigant and/or post a bond of $125,000.00 for attorneys fees and costs is going to be heard on October 2, 2014.

7. On September 30, 2014, I emailed Paul W. Burke, attorney for Intercontinental Hotels Group Resources, Inc. and informed him that the filing of the bankruptcy petition operates as an automatic stay of any judicial proceedings against me to recover claims for attorneys fees or otherwise. [See Exhibit A attached hereto]. Mr. Burke did not respond to my email.

8. On September 30, 2014, at approximately 8:30 a.m., I spoke with Michael, Judge Kliefield's clerk, and informed him that I filed a bankruptcy petition for which an automatic stay is in effect. Michael indicated that Judge Kliefield was aware of my dismissal and the bankruptcy petition and was nevertheless proceeding on Intercontinental Hotels Group Resources, Inc's motion on October 2, 2014.

9. It is my opinion that Judge Kliefield is proceeding with the motion of Intercontinental Hotels Group Resources, Inc. as a means of retaliation because I filed two statement of disqualifications against him for bias and/or prejudice. Judge Kliefield improperly ruled on both statements and refused to disqualify himself notwithstanding an overwhelming amount of evidence of bias.[1] I have made numerous complaints about Judge Kliefield's inappropriate conduct. It is therefore a certainty that he intends to grant Intercontinental Hotels Group Resources, Inc.'s motion to deem me a vexatious litigant notwithstanding a lack of legal or factual evidence justifying the same.

10. The motion is seeks relief that I be banned from filing any in pro per complaints in the State of California and in the alternative to post a bond of $125,000 to cover attorneys

---

[1] Code of Civil Procedure Section 170.3(d)(5) provides that a judge who refuses to recuse or disqualify himself shall not decide the question of whether he should be disqualified. The question of disqualification should be decided by a neutral judge.

fees and expenses in order to proceed with the superior court matter. Intercontinental Hotels Group Resources, Inc. has no legal basis to deem me a vexatious litigant because I have not have five matters determined against me in the past seven years as required by California Code of Civil Procedure Section 391(b)(1). Neither do any of the remaining provisions of Section 391(b) apply.

11. Because of Intercontinental Hotels Group Resources, Inc.'s refusal to acknowlege the automatic stay and Judge Klieifeld's willingness to proceed, I request this Court impose an automatic stay of all judicial proceedings in Los Angeles Superior Court Case Number 479009.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: September 30, 2014                    _____

                                             Lecia Lenette Shorter

# EXHIBIT "A"

Case 2:14-bk-27647-BB    Doc 9    Filed 09/30/14    Entered 09/30/14 14:07:57    Desc
Main Document    Page 13 of 16

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA    90211
(310) 869-5835
leciashorter@yahoo.com

September 30, 2014

Paul W. Burke,
Kaiser, Swindells & Eiler
444 West Ocean Boulevard, Suite 900
Long Beach, California    90802-4516

Re:   Shorter v. Hospitality Properties, et al.

Mr. Burke:

As you are aware, a dismissal was filed and entered in the above-referenced matter on September 24, 2014.  You are also aware that your client, Intercontinental Hotels Group Resources, Inc. has been listed as a creditor in U.S. Bankruptcy Case No. 2:14-bk-27647-BB that was filed on September 16, 2014.

Today, I received a telephone call from Judge Kliefield's clerk indicating that your motion to have me deemed a vexatious litigant and/or post a bond of $125,000.00 remains on calendar for October 2, 2014.

Please be advised that 11 U.S.C. §362 provides that the filing of a bankruptcy petition operates as an automatic stay of any judicial proceeding against a debtor to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title or any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy proceeding.

Based upon the foregoing, I therefore demand that you immediately withdraw your motion since you have not sought relief from the automatic stay provisions of a bankruptcy filing.

Your failure to withdraw the motion to deem me a vexatious litigant will result in a request for the imposition of sanctions against you, your firm and your client. I will also file a notice with the Superior Court advising Judge Kliefield of the automatic stay.

Sincerely,


Lecia L. Shorter
LLS\

| | |
|---|---|
| **Subject:** | Shorter v. Hospitality Properties Trust, et al. |
| **From:** | Lecia Shorter (leciashorter@yahoo.com) |
| **To:** | pburke@kselawyers.com; |
| **Date:** | Tuesday, September 30, 2014 1:05 AM |

Mr. Burke,

Apparently, the bankruptcy court has already provided you notice of the automatic stay in the notice to creditors generated by the court. Therefore, there is no need for me to provide additional information to the Superior Court. It is your responsibility to withdraw the motion in light of the automatic. Both you and your client will be held accountable for your failure to do so.

Lecia L. Shorter
Owner and Managing Principal
Savant Advisory Group, LLC
(310) 869-5835

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

287 S. Robertson Blvd., No. 291, Beverly Hills, CA   90211

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* 09/30/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Paul W. Burke, Esq.  
Kaiser, Swindells & Eiler  
444 West Ocean Blvd., Suite 900  
Long Beach, CA   90802-4516

Steven J. Kliefield  
Judge, Los Angeles Superior Court  
111 N. Hill Street, Department 53  
Los Angeles, CA   90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/30/2014 | Donna Harris | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.